Peter C. MANBECK, Does 1–1000, John Anonymous, Bruce Cascio, Efrain Cubides, Carol Durante, Jay Durante, Wendy Gennimi, David Guttermuth, Lynn Guttermuth, Jerilynn Hagan, Michael Honig, Roger Moister Jr., Trustee, Mark Mosello, Mary Clark, individually and on behalf of all others similarly situated, Daniel Pritchard, individually and on behalf of all others similarly situated and George Shaw, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

Siro Cortina, Luigi Imperia and Goran Djordjevski, individually and on behalf of all others similarly situated, Plaintiffs,

Mark Clark, individually and on behalf of all others similarly situated and David S. Oltman, individually and on behalf of all others similarly situated, Consolidated–Plaintiffs–Appellants,

v.

TOWN OF LEWISBORO, James Nordgren, Town Supervisor, individually and in his official capacity, Peter Barrett, Deputy Building Inspector, and other unnamed Building Inspectors, individually and in their official capacity, Jay Fain, Wetland Inspector, individually and in his official capacity, Planning Board, Jacqueline Dzaluk, Joseph Decaminada, Member of the Planning Board, individually and in his official capacity, Freida Halpern, Member of the Planning Board, individually and in her official capacity, Maureen Maguire, individually and in her official capacity, P.J. Rossi, individually and in his official capacity, William Cargain, Conservation Advi-

**600**

sory Council, Building Department, Allen Hershowitz, Town Councilman, individually and in his official capacity, Jay Fain & Associates, L.L.C., Vincent Vetrano, former Chairman of the Planning Board, individually and in his official capacity, Conservation Advisory Council and Mark Patek, Chairman of the Conservation Advisory Council individually and in his official capacity, Defendants–Appellees,

William Agresta, Consolidated–Defendant–Appellee.

No. 08–1543–cv.

United States Court of Appeals, Second Circuit.

May 29, 2009.

See also, 2008 WL 596832.

Nick Fiore, Pound Ridge, NY, Alexandra T. Manbeck, Cross River, NY, Robert I. Goodman, Rye Brook, NY, for Appellants.

James A. Randazzo, Santangelo Randazzo & Mangone, LLP, Hawthorne, NY, Daniel E. O'Neill, Boeggeman, George & Corde, P.C., White Plains, NY, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, Hon. JANE A. RESTANI, Judge.*

---

\* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Plaintiffs appeal from the district court's March 25, 2008 judgment, which adopts the magistrate judge's March 4, 2008, 2008 WL 596832, recommendation that summary judgment be granted in favor of defendants on plaintiffs' claims under 42 U.S.C. § 1983; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968; the Hobbs Act, 18 U.S.C. § 1951(a); and numerous New York state laws. The claims arise from defendants' enforcement of certain local laws concerning the protection of wetlands. *See* Lewisboro, N.Y., Wetlands and Watercourses Law, L.L. No. 1 (2004); Lewisboro, N.Y., Wetlands and Watercourses Law, L.L. No. 3 (1995). The three groups of plaintiffs raise numerous claims of error in more than 330 pages of opening briefs, none of which has any merit, and many of which raise only issues of state law not cognizable under § 1983. *See Sybalski v. Indep. Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir.2008) (noting that under § 1983 plaintiff must show deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States). We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

"We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir.2008) (alterations omitted) (quoting *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 113 (2d Cir.2005)). We will affirm a grant of summary judgment only where the rec-

ord presents "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).

■ As to at least one issue, the district court appears to have applied a "clearly erroneous" standard of review, rather than *de novo* review as required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). *See Manbeck v. Town of Lewisboro*, No. 05–4576, op. at 601 (S.D.N.Y. Mar. 24, 2008). Nevertheless, this error was harmless because there was no material factual dispute such that the difference in the standard of review would affect the outcome. *See* Fed.R.Civ.P. 61.

Turning to the merits of plaintiffs' claims, we have little difficulty concluding that summary judgment was correctly entered in favor of defendants on the core complaint that plaintiffs were deprived of due process. The "pre-deprivation" hearing afforded defendants prior to imposition of the challenged fines by the Planning Board, coupled with the availability of a "post-deprivation" Article 78 proceeding to challenge any allegedly illegal action by the Planning Board satisfies the requirements of the Due Process Clause. *See Rivera–Powell v. New York City Bd. of Elections*, 470 F.3d 458, 466–67 (2d Cir. 2006) (collecting cases and noting that "at least some form of pre-deprivation hearing" together with adequate post-deprivation hearing satisfied Due Process Clause). Accordingly, we reject each of plaintiffs' due process arguments, including those faulting (1) the town for contracting with a private corporation to do wetlands inspec-

tions and with an attorney advisor; (2) the Planning Board for "prejudg[ing]" plaintiffs' claims, because the Board has a pecuniary interest in finding violations; and (3) the Planning Board for relying on the findings of its inspector.[1]

■ Summary judgment was also properly entered in favor of defendants on Plaintiffs' Fourth Amendment claims because, as in *Palmieri v. Lynch*, (1) the plaintiffs had significantly diminished expectations of privacy because they had applied for construction permits, *see* 392 F.3d 73, 83 (2d Cir.2004), or (2) the challenged inspections were "minimally invasive" insofar as they were of wetlands or abutting areas, not of plaintiffs' homes, *see id.* at 84, or both; and (3) the government has a "serious" interest in protecting natural resources, *see id.* at 84–85.

■ Plaintiffs' selective prosecution and "class of one" claims under the Equal Protection Clause fare no better. The selective prosecution claim fails as a matter of law because plaintiffs' have not demonstrated that defendants possessed "malicious or bad faith intent" to injure them. *Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2004). Plaintiffs' class of one claim fails because defendants' pursuit of violations of the wetlands law was rationally related to the legitimate goals of the town wetlands department. *See Bizzarro v. Miranda*, 394 F.3d 82, 88–89 (2d Cir.2005) ("[A]n *Olech*-type [class of one] equal protection claim focuses on whether the official's con-

---

1. Plaintiffs also argue that defendants violated one or more plaintiffs' due process rights by (1) failing to maintain hearing records; (2) failing to issue Peter Manbeck a certificate of occupancy for construction of, *inter alia*, a tennis court; (3) finding Wendy Gennimi "guilty of charges not listed in the summons"; and (4) not according Gennimi "voir dire" when she admitted to the violation before the board, thereby rendering her admission con-

stitutionally suspect because it was not knowingly, voluntarily and intelligently made. Although it appears that we need not consider these claims because plaintiffs failed to raise them before the district court, *see In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir.2008), we note that our resolution of those due process claims plaintiffs did raise would, in any event, require us to reject these claims.

duct was rationally related to the accomplishment of the work of their agency.").[2]

■ For the reasons stated in the magistrate judge's report, adopted in full by the district court, we conclude that plaintiffs' following claims also fail as a matter of law: (1) the wetlands laws are unconstitutionally vague as applied to plaintiffs; (2) the process by which the Guttermuths and Shaw acknowledged having violated the relevant law raises constitutional issues; (3) the civil fines imposed by defendants violate the Eighth Amendment; (4) Gennimi was deprived of substantive due process rights when defendants denied her request for a building permit.

Finally, to the extent plaintiffs challenge the district court's decision not to assert supplemental jurisdiction over plaintiffs' state law claims, we conclude that the district court did not abuse its discretion in so ruling.[3] *See Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir.2003) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.").

We have considered all of the plaintiffs' remaining arguments and conclude that they are uniformly lacking in merit. Ac-cordingly the district court's award of summary judgment in favor of defendants is AFFIRMED.

**2.** Gennimi suggests in her brief to this court that defendants pursued her for wetlands violations in an attempt to drive her out of town because of her race. Gennimi did not plead this allegation in her complaint and raised it for the first time in opposition to defendants' motion for summary judgment. Whether it was properly raised before the district court or not, we have no trouble rejecting Gennimi's claim of racial discrimination as conclusory and without any admissible evidentiary support in the record. *See Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 470 (2d Cir.2006).

**3.** Plaintiffs also argue that (1) defendants violated Town Law § 23 because the town's wetlands inspector was not a resident of Lewisboro; and (2) the town's denial of Gennimi's request for a building permit was arbitrary and capricious. We decline to consider these state-law arguments raised for the first time on appeal. *See In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d at 133.

